FILED
CLERK, U.S. DISTRICT COURT

4/6/15

CENTRAL DISTRICT OF CALIFORNIA
BY:  es              DEPUTY

ORIGINAL

1  JONATHAN E. NUECHTERLEIN
2  General Counsel
   CHARLES A. HARWOOD
3  Regional Director
4  ELEANOR DURHAM, MD Bar
   Email: edurham@ftc.gov
5  MAXINE R. STANSELL, WA Bar # 9418
6  Email: mstansell@ftc.gov
7  Federal Trade Commission
   915 2nd Ave., Suite 2896, Seattle, WA 98174
8  (206) 220-4476 (Durham)
9  (206) 220-4474 (Stansell)
   (206) 220-6366 (fax)
10 BARBARA CHUN, CA Bar # 186907
11 Email: bchun@ftc.gov
12 10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
   (310) 824-4312 (Chun); (310) 824-4330 (fax)
13

14            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
15

16 FEDERAL TRADE COMMISSION,          No. CV15-2357 SJO JEMx

17            Plaintiff,              COMPLAINT FOR PERMANENT
18                                    INJUNCTION AND OTHER EQUITABLE
                                      RELIEF
19       vs.
                                      FILED UNDER SEAL
20
21 WEALTH EDUCATORS, INC., also
   d/b/a Family 1st Preservations; Family
22 1st Home Loans; Legal Affiliates &
   Associates; Legal Educators & Co.;
23 Family 1st Home Preservation; Legal     LODGED
   Educators USA & Co.; Stargate Mutual    CLERK, U.S. DISTRICT COURT
24 & Associates; Providence Financial
   Advocates; and Providence Financial        MAR 31 2015
25 Audits; and VERONICA SESMA, also
   d/b/a Sesma Consulting,              CENTRAL DISTRICT OF CALIFORNIA
26                                      BY              DEPUTY
27
28            Defendants.

COMPLAINT                          1

1   JONATHAN E. NUECHTERLEIN
2   General Counsel
    CHARLES A. HARWOOD
3   Regional Director
4   ELEANOR DURHAM, MD Bar
    Email:  edurham@ftc.gov
5   MAXINE R. STANSELL, WA Bar # 9418
6   Email:  mstansell@ftc.gov
    Federal Trade Commission
7   915 2nd Ave., Suite 2896, Seattle, WA 98174
8   (206) 220-4476 (Durham)
    (206) 220-4474 (Stansell)
9   (206) 220-6366 (fax)
10  BARBARA CHUN, CA Bar # 186907
11  Email:  bchun@ftc.gov
    10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
12  (310) 824-4312 (Chun); (310) 824-4330 (fax)
13

14           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
15

16  FEDERAL TRADE COMMISSION,

17           Plaintiff,

18

19           vs.

20  WEALTH EDUCATORS, INC., also
21  d/b/a Family 1st Preservations; Family
22  1st Home Loans; Legal Affiliates &
    Associates; Legal Educators & Co.;
23  Family 1st Home Preservation; Legal
24  Educators USA & Co.; Stargate Mutual
    & Associates; Providence Financial
25  Advocates; and Providence Financial
26  Audits; and VERONICA SESMA, also
    d/b/a Sesma Consulting,
27

28           Defendants.

**CV15-2357** *SJO JEMx*

COMPLAINT FOR PERMANENT
INJUNCTION AND OTHER EQUITABLE
RELIEF

**FILED UNDER SEAL**

ORIGINAL

LODGED
CLERK, U.S. DISTRICT COURT

MAR 31 2015

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

COMPLAINT                 1                        Federal Trade Commission
                                          915 2nd Ave., Ste. 2896
                                     Seattle, Washington 98174
                                        (206) 220-6350

1    Plaintiff, the Federal Trade Commission (FTC or Commission), for its
2    Complaint alleges:
3    1.    The FTC brings this action under Sections 13(b) and 19 of the Federal Trade
4    Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the 2009 Omnibus
5    Appropriations Act, Pub. L. No. 111-8, § 626, 123 Stat. 524, 678 (Mar. 11, 2009)
6    ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and
7    Disclosure Act of 2009, Pub. L. No. 111-24, § 511, 123 Stat. 1734, 1763-64 (May
8    22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street
9    Reform and Consumer Financial Protection Act of 2010, Pub. L. No. 111-203, §
10   1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. §
11   5538, to obtain temporary, preliminary, and permanent injunctive relief, rescission
12   or reformation of contracts, restitution, the refund of monies paid, disgorgement of
13   ill-gotten monies, and other equitable relief for Defendants' acts or practices in
14   violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage
15   Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as
16   Mortgage Assistance Relief Services ("Regulation O"), 12 C.F.R. Part 1015, in
17   connection with the marketing and sale of mortgage assistance relief services.

18                    **JURISDICTION AND VENUE**

19   2.    This Court has subject matter jurisdiction over this matter pursuant to 28
20   U.S.C. §§ 1331, 1337(a), and 1345; 15 U.S.C. §§ 45(a), 53(b), and 57b; and
21   Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card
22   Act, and amended by Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538.3.
23        Venue in the Central District of California is proper under 28 U.S.C. §§
24   1391(b) and (c), and 15 U.S.C. § 53(b).

25                            **PLAINTIFF**

26   4.    The FTC is an independent agency of the United States Government created
27   by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15
28   U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting

COMPLAINT                            2                     Federal Trade Commission
                                                            915 2nd Ave., Ste. 2896
                                                            Seattle, Washington 98174
                                                            (206) 220-6350

1    commerce.  In addition, pursuant to 12 U.S.C. § 5538, the FTC also enforces the

2    MARS Rule, which requires mortgage assistance relief services ("MARS")

3    providers to make certain disclosures, prohibits certain representations, and

4    generally prohibits the collection of an advance fee.

5    5.      The FTC is authorized to initiate federal district court proceedings, by its

6    own attorneys, to enjoin violations of the FTC Act, the MARS Rule, and

7    Regulation O, and to secure such equitable relief as may be appropriate in each

8    case, including rescission or reformation of contracts, restitution, the refund of

9    monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b),

10    56(a)(2)(A)-(B), and 57b; § 626, 123 Stat. at 678, as clarified by § 511, 123 Stat. at

11    1763-64, and amended by § 1097, 124 Stat. at 2102-03, 12 U.S.C. § 5538.

12    **DEFENDANTS**

13    6.      Defendant Wealth Educators, Inc., ("Wealth Educators"), is a California

14    corporation.  Its business offices are located at 3200 Wilshire Blvd., Suite 808, Los

15    Angeles, California 90036.  Wealth Educators has also done business as Family 1st

16    Preservations, Family 1st Home Loans, Legal Affiliates and Associates, Legal

17    Educators & Co., Family 1st Home Preservation, Legal Educators USA & Co.,

18    Stargate Mutual & Associates, Providence Financial Advocates, and Providence

19    Financial Audits.  Wealth Educators d/b/a Legal Educators & Co., is the subscriber

20    for the telephone service used by Veronica Sesma, Legal Educators USA & Co.,

21    Stargate Mutual & Associates, Providence Financial Advocates, and Providence

22    Financial Audits to market and sell mortgage assistance relief services to

23    consumers.  Wealth Educators has established bank accounts for Family 1st

24    Preservations, Family 1st Home Loans, Legal Educators & Co., Stargate Mutual &

25    Associates and Providence Financial Advocates into which consumer payments

26    have been deposited.  At all times material to this Complaint, acting alone or in

27    concert with others, Wealth Educators has advertised, marketed, provided, offered

28    to provide, or arranged for others to provide MARS as defined in 16 C.F.R. §

COMPLAINT          3          Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  322.2, recodified as Regulation O, 12 C.F.R. § 1015.2.  Wealth Educators transacts
2  or has transacted business in this district and throughout the United States.

3  7.      Defendant Veronica Sesma ("Sesma") is the sole owner and officer of
4  Wealth Educators.  Sesma has also done business as Sesma Consulting.  Sesma is
5  the domain registrant for the following websites used by Defendants to market and
6  sell mortgage assistance relief services to consumers: legalaffiliatescorp.org;
7  family1sthps.com; legaleducatorsco.org; legaleducatorsusa.org;
8  thelegaleducators.com; smassociates.org; pfadvocates.com; and pfaudits.com.  She
9  is the sole signer on each of the Defendants' bank accounts, into which consumer
10 funds are deposited.  At all times material to this Complaint, acting alone or in
11 concert with others, she has formulated, directed, controlled, had the authority to
12 control, or participated in the practices of Wealth Educators.  Defendant Sesma
13 resides in and transacts or has transacted business in this District and throughout
14 the United States.

15                              **COMMERCE**

16 8.      At all times material to this Complaint, Defendants have maintained a
17 substantial course of trade in or affecting commerce, as "commerce" is defined in
18 Section 4 of the FTC Act, 15 U.S.C. § 44.

19                   **DEFENDANTS' BUSINESS PRACTICES**

20 9.      From at least October 2012 to the present, Defendants have engaged in a
21 course of conduct to advertise, market, sell, provide, offer to provide, or arrange
22 for others to provide MARS, including mortgage loan modification services.

23 10.     Defendants have marketed their services primarily via outbound
24 telemarketing calls to consumers.  Defendants also have marketed their services on
25 the Internet, including through use of the following websites: family1sthps.com;
26 legaleducatorsco.org; legaleducatorsusa.org; thelegaleducators.com;
27 smassociates.org; pfadvocates.com; and pfaudits.com.

28

COMPLAINT                                    4                    Federal Trade Commission
                                                                  915 2nd Ave., Ste. 2896
                                                                  Seattle, Washington 98174
                                                                  (206) 220-6350

11.     Many of the Defendants' customers are financially distressed homeowners. Defendants promise consumers that they will lower the consumer's monthly mortgage payment, mortgage interest rate, or obtain loan forbearance, a loan modification, or other loan restructuring.

12.     Defendants purport to be a legal firm and to provide the consumer with legal assistance through a network of affiliated legal service providers, including forensic loan audits and other services that will identify errors in their mortgage loan documents, ferret out predatory lending practices, gather information that Defendants will use to defend against foreclosure, and win concessions from lenders.

13.     Defendants charge an initial up-front fee ranging from $1000 to $5000, prior to completing any of the promised MARS.  Defendants accept payment by personal check, cashier's check, money order, electronic fund transfer, MoneyGram, and Western Union.  Defendants represent that if they are unable to secure the promised MARS they will fully refund all fees paid by the consumers.

14.     In numerous instances, Defendants have failed to obtain any relief for their customers, and have not provided the promised refund.

**The Sales Pitch**

15.     Defendants initiate contact with consumers through unsolicited outbound telemarketing calls and inbound telephone calls from consumers responding to claims on Defendants' websites.

16.     Defendants' websites have included the following claims:

AMERICA'S LEADING HOME PRESERVATION LEGAL SERVICES.  We act on behalf of homeowners to work with your lender and avoid the lengthy and costly process of foreclosure and the stressful act of eviction that follows. . . . Everyday, we're helping distressed homeowners, and we can help you, get a "fresh start" by: Presenting a solution to your lender and negotiating favorable terms

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

for all concerned, Protecting your credit and your home from further degradation, Minimizing your debt obligations, and expediting the process to a successful resolution. . . . Our staff consists of professionals experienced in underwriting, servicing, and loan originations.  We have a national network of 100+ legal aids working with local programs and organizations…to validate compliance with federal, state, and local regulations, and include an evaluations (sic) of the guidelines of Fannie Mae, Freddie Mac, Ginnie Mae, FHA, VA, and various private investors.

17.    In numerous instances, Defendants have told consumers that they can secure for them a loan modification through a government-sponsored program, or otherwise obtain a loan modification that will lower their monthly mortgage payment and reduce their mortgage interest rate for an initial up-front fee of $1000 to $5000, and that in most cases the process will be completed within three to four months.

18.    In numerous instances, Defendants have quoted a specific dollar amount that the mortgage payment will be reduced each month, or promised a mortgage interest rate substantially lower than the rate the consumer is currently paying. Defendants also say that they are successful in obtaining a restructure or modification of the consumer's mortgage in the majority of cases.  In numerous instances, Defendants have stated a specific percentage, such as 98%, success rate in obtaining a loan modification.  In some instances, Defendants represent to consumers that they have a working relationship with the consumer's lender.

19.    In numerous instances, Defendants tell consumers, many of whom have made timely mortgage payments, that in order to obtain the promised MARS, consumers should stop making mortgage payments to their lenders.  Defendants have also told consumers not to communicate with their lenders during the loan restructure process.

COMPLAINT                                    6                    Federal Trade Commission
                                                                  915 2nd Ave., Ste. 2896
                                                                  Seattle, Washington 98174
                                                                  (206) 220-6350

1    20.    In numerous instances, Defendants tell consumers that if they are unable to

2    obtain the promised loan modification, Defendants will fully refund the fee the

3    consumer paid.

4    **Payment Structure and Enrollment**

5    21.    Defendants send consumers who agree to pay for their services a packet of

6    written materials via email and in some instances regular mail. Consumers are told

7    they must complete the forms in the packet and return the completed forms with

8    the requested financial documents and the agreed upon fee.  The materials include:

9    (1) a cover letter from an apparently fictitious CEO, Perry Simmons, explaining

10   that Defendants will be providing a loan audit, urging the consumer to return the

11   requested materials so that they can determine if the consumer qualifies for

12   Defendants' loan restructuring services, and advising the consumer that a legal

13   assistant is available to speak with them about their file; and (2) "Clients Rights

14   and Responsibilities," advising the consumer to forward all correspondence from

15   the lender to Defendants and stating that the process in most instances is completed

16   within 135 days after it is assigned to a negotiator; and (3) the "Client Retention

17   Agreement," which states:

18        This is a written agreement ("Agreement") that California law

19        requires attorneys to have with their clients.  The offices of [name of

20        company], a Professional Corporation, (hereinafter referred to as

21        "Attorney" and/or "Firm"), will provide services to [name of

22        consumer] set forth below:

23        The Firm's responsibility shall be to vigorously protect your property,

24        to resolve the dispute you have with your financial lender, and to

25        conduct a loan compliance audit for you as you have directed or will

26        direct against various financial institutions for violating their legal

27        obligations toward you that you represent is evidenced by documents

28        in your files justifying legal action.

COMPLAINT                                    7                     Federal Trade Commission
                                                                   915 2nd Ave., Ste. 2896
                                                                   Seattle, Washington 98174
                                                                   (206) 220-6350

Scope of Representation – Such representation to resolve your case shall be limited to the following:

I.      Review your loan docs to ensure they comply with all Federal Laws and Regulations.

II.     Force the lender to adjust the current terms, eliminate or reduce any delinquent or missed payments.

III.    Reduction of current loan balance, reduced rate.

IV.     Loan to be converted to a longer term. Fixed Rate.

V.      Reduction of any current or future interest rate changes.

VI.     Negotiate short sale when necessary.

VII.    Negotiate Deed in Lieu when necessary.

22.     The materials sent to consumers also include: (1) a "Cease and Desist Letter" advising the lender not to communicate with the consumers pursuant to the Fair Debt Collection Practices Act; (2) a "Qualified Written Request" under Section 6 of the Real Estate Settlement Procedures Act; (3) an Authorization Form permitting Defendants to communicate on the consumer's behalf with the lender; (4) a document checklist for the consumer's financial records; (5) a Making Home Affordable Request application; and (6) a Financial Hardship Package. The consumer must complete and sign all forms and return the requested financial records and hardship letter along with their payment to the Defendants.

23.     Defendants require and accept payment of between $1000 and $5000 prior to the consumer executing a written agreement with the lender or servicer that incorporates an offer for MARS. Often, Defendants permit consumers to split the advance payment by sending two checks, one post-dated for the following month. In some instances, Defendants tell consumers that the fee covers the cost of negotiations with the lender and processing paperwork or closing the new loan, they tell others that the fee covers legal representation by the Defendants.

COMPLAINT                                      8                          Federal Trade Commission
                                                                         915 2nd Ave., Ste. 2896
                                                                         Seattle, Washington 98174
                                                                         (206) 220-6350

24.     The materials sent to consumers also guarantee a "100% refund of service fee" if the consumer does not receive one of the following: "Loan Modification, Forbearance, Reinstatement, Repayment Plan, Loan Restructure, Short Sale Agreement Packaging and Monitoring, Deed in Lieu of Foreclosure, Negotiating the Principal Balance/Delinquent Debt, Prolong the Foreclosure Process, Negotiate lease back from the bank, Negotiate a "Cash For Keys," Postponement of at least ONE Trustee sale," resulting from Defendants' services.

### Post-Enrollment

25.     In numerous instances, Defendants remain in contact with the consumer until the second payment check has cleared the bank.  Thereafter, in numerous instances, when consumers attempt to contact Defendants for status updates, Defendants often fail to answer or return consumers' telephone calls or emails. When consumers are able to reach Defendants, Defendants' typically string the consumer along requiring them to resend documents or telling them that their files are being handled and everything is going smoothly.

26.     Defendants prevent consumers from contacting them or seeking refunds by changing the name under which they operate approximately every six months. When they change their business name they also change their website, and in some instances phone numbers and mailing addresses.  Defendants have changed their business name at least four times in the past two years without notifying consumers.  Defendants have marketed and sold MARS under the names Family 1st Home Preservations, Legal Educators USA & Co., Stargate Mutual & Associates; Providence Financial Advocates; and currently are using the name Providence Financial Audits.

27.     After consumers have agreed to work with Defendants and paid the requested advance fees, in numerous instances Defendants have failed to obtain a loan modification, principal reduction, or other promised MARS.  In many instances, when consumers have contacted their lender, they have discovered that

COMPLAINT                                               9

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1  Defendants never contacted the lender, or taken any steps to initiate modification
2  proceedings.

3  28.     Consumers are unable to obtain refunds when Defendants fail to provide the
4  promised MARS.  Consumers who have paid Defendants' fees have suffered
5  significant economic injury, including, paying thousands of dollars to Defendants
6  and receiving little or no service in return; falling behind or further behind on
7  mortgage payments; incurring penalties; and even going into foreclosure.

8                   **VIOLATIONS OF SECTION 5 OF THE FTC ACT**

9  29.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or
10  deceptive acts and practices in or affecting commerce."

11  30.     Misrepresentations or deceptive omissions of material fact constitute
12  deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

13                                **COUNT I**

14         **(Deceptive Representations Regarding Loan Modification Services)**

15  31.     In numerous instances, in connection with the advertising, marketing,
16  promoting, offering for sale, or sale of mortgage assistance relief services,
17  Defendants have represented, directly or indirectly, expressly or by implication:

18         a.      that Defendants typically will obtain mortgage loan modifications for
19  consumers that will make their payments substantially more affordable, will
20  substantially lower their interest rates, or will help them avoid foreclosure; and

21         b.      that Defendants will provide legal services, including forensic audits.

22  32.     In truth and in fact:

23         a.      Defendants typically do not obtain mortgage loan modifications for
24  consumers that will make their payments substantially more affordable, will
25  substantially lower their interest rates, or help them avoid foreclosure; and

26         b.      Defendants do not provide legal services, including forensic audits.

27
28

COMPLAINT                                    10                    Federal Trade Commission
                                                                   915 2nd Ave., Ste. 2896
                                                                   Seattle, Washington 98174
                                                                   (206) 220-6350

1    33.    Therefore, Defendants' representations as set forth in Paragraph 31 are false

2    and misleading and constitute deceptive acts or practices in violation of Section

3    5(a) of the FTC Act, 15 U.S.C. § 45(a).

4                              ## COUNT II

5                **(Deceptive Representations Regarding Refunds)**

6    34.    In numerous instances, in connection with the advertising, marketing,

7    promoting, offering for sale, or sale of mortgage assistance relief services,

8    Defendants have represented, directly or indirectly, expressly or by implication,

9    that they will refund the consumer's fee if Defendants fail to obtain the promised

10   mortgage loan modification.

11   35.    In truth and in fact, in numerous instances, Defendants do not refund the

12   consumer's fee when Defendants fail to obtain the promised mortgage loan

13   modification.

14   36.    Therefore, Defendants' representation as set forth in Paragraph 34 is false

15   and misleading and constitutes a deceptive act or practice in violation of Section

16   5(a) of the FTC Act, 15 U.S.C. § 45(a).

17            **VIOLATIONS OF THE MARS RULE AND REGULATION O**

18   37.    In 2009, Congress directed the FTC to prescribe rules prohibiting unfair or

19   deceptive acts or practices with respect to mortgage loans. Omnibus Act § 626,

20   123 Stat. at 678, as clarified by Credit Card Act, § 511, 123 Stat. at 1763-64.

21   Pursuant to that direction, the FTC promulgated the MARS Rule, 16 C.F.R. Part

22   322, all but one provision of which became effective on December 29, 2010. The

23   remaining provision, Section 322.5, became effective on January 31, 2011.

24   Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538, transferred rulemaking

25   authority over the MARS Rule to the Consumer Financial Protection Bureau,

26   which recodified the Rule as 12 C.F.R. Part 1015, effective December 30, 2011,

27   and designated it "Regulation O." The FTC retains authority to enforce the MARS

28   Rule pursuant to Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538.

COMPLAINT                              11                    Federal Trade Commission
                                                            915 2ⁿᵈ Ave., Ste. 2896
                                                            Seattle, Washington 98174
                                                            (206) 220-6350

38.     The MARS Rule and Regulation O define "mortgage assistance relief provider" as "any person that provides, offers to provide, or arranges for others to provide, any mortgage assistance relief service" other than the dwelling loan holder, the servicer of a dwelling loan, or any agent or contractor of such individual or entity.  16 C.F.R. § 322.2(j), recodified as Regulation O, 12 C.F.R. § 1015.2(j).

39.     The MARS Rule and Regulation O prohibit any mortgage assistance relief service provider from requesting or receiving payment of any fee or other consideration until the consumer has executed a written agreement between the consumer and the consumer's dwelling loan holder or servicer incorporating the offer of mortgage assistance relief the provider obtained from the consumer's dwelling loan holder or servicer.  16 C.F.R. § 322.5(a), recodified as Regulation O, 12 C.F.R. § 1015.5(a).

40.     The MARS Rule and Regulation O prohibit any mortgage assistance relief service provider from representing, expressly or by implication, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any mortgage assistance relief service, that a consumer cannot or should not contact or communicate with his or her lender or servicer.  16 C.F.R. § 322.3(a), recodified as Regulation O, 12 C.F.R. § 1015.3(a).

41.     The MARS Rule and Regulation O prohibit any mortgage assistance relief service provider from misrepresenting, expressly or by implication, any material aspect of any mortgage assistance relief service, including but not limited to:

        a.      the likelihood of negotiating, obtaining, or arranging any represented service or result.  16 C.F.R. §322.3(b)(1), recodified as Regulation O, 12 C.F.R. § 1015.3(b)(1);

        b.      the amount of time it will take the mortgage assistance relief service provider to accomplish any represented service or result.  16 C.F.R. § 322.3(b)(2), recodified as Regulation O, 12 C.F.R. § 1015.3(b)(2);

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1          c.    the terms or conditions of any refund, cancellation, exchange, or

2    repurchase policy for a mortgage assistance relief service, including, but not

3    limited to, the likelihood of obtaining a full or partial refund, or the circumstances

4    in which a full or partial refund will be granted, for a mortgage assistance relief

5    service. 16 C.F.R. § 322.3(b)(6), recodified as Regulation O, 12 C.F.R. §

6    1015(b)(6); or

7          d.    that the consumer will receive legal representation. 16 C.F.R.

8    § 322.3(b)(8), recodified as Regulation O, 12 C.F.R. § 1015.3(b)(8).

9    42.    The MARS Rule and Regulation O prohibit any mortgage assistance relief

10   service provider from failing to place a statement in every general commercial

11   communication disclosing that (i) the provider is not associated with the

12   government, and that their service is not approved by the government or the

13   consumer's lender, and (ii) the lender may not agree to modify a loan, even if the

14   consumer uses the provider's service. 16 C.F.R. § 322.4(a)(1)-(2), recodified as

15   Regulation O, 12 C.F.R. 1015.4(a)(1)-(2).

16   43.    The MARS Rule and Regulation O prohibit any mortgage assistance relief

17   service provider from failing to place a statement in every consumer-specific

18   commercial communication (i) confirming that the consumer may stop doing

19   business with the provider or reject an offer of mortgage assistance without having

20   to pay for the services, (ii) disclosing that the provider is not associated with the

21   government or any lender, and (iii) in certain cases, a statement disclosing that the

22   lender may not agree to modify a loan, even if the consumer uses the provider's

23   service, and (iv) in certain cases, a statement disclosing that if they stop paying

24   their mortgage, consumers may lose their home or damage their credit. 16 C.F.R.

25   § 322.4(b)(1)-(3) and (c), recodified as Regulation O, 12 C.F.R. 1015.4(b)(1)-(3)

26   and (c).

27   44.    Pursuant to Section 626 of the Omnibus Act, as clarified by Section 511 of

28   the Credit Card Act, and amended by Section 1097 of the Dodd-Frank Act, 12

COMPLAINT                    13                  Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

U.S.C. § 5538, and pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. §

57a(d)(3), a violation of the MARS Rule and Regulation O constitutes an unfair or

deceptive act or practice in or affecting commerce, in violation of Section 5(a) of

the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

### (Collection of Advance Payments)

45.     In numerous instances, in the course of providing, offering to provide, or

arranging for others to provide MARS, Defendants ask for or receive payment

before consumers have executed a written agreement between the consumer and

the loan holder or servicer that incorporates the offer obtained by Defendants, in

violation of MARS Rule, 16 C.F.R. § 322.5(a), recodified as Regulation O, 12

C.F.R. § 1015.5(a).

## COUNT IV

### (Advising Consumer Not to Communicate With Lender)

46.     In numerous instances, in the course of providing, offering to provide, or

arranging for others to provide mortgage assistance relief services, Defendants, in

violation of the MARS Rule, 16 C.F.R. § 322.3(a), recodified as Regulation O, 12

C.F.R. § 1015.3(a), have represented expressly or by implication, that a consumer

cannot or should not contact or communicate with his or her lender or servicer.

## COUNT V

### (Material Misrepresentations)

47.     In numerous instances, in the course of providing, offering to provide, or

arranging for others to provide mortgage assistance relief services, Defendants, in

violation of the MARS Rule, 16 C.F.R. § 322.3(b)(1)-(3), (6) and (8), recodified as

Regulation O, 12 C.F.R. § 1015.3(b)(1)-(3), (6) and (8), have misrepresented,

expressly or by implication, material aspects of their services, including but not

limited to:

COMPLAINT                                  14                    Federal Trade Commission
                                                                915 2nd Ave., Ste. 2896
                                                                Seattle, Washington 98174
                                                                    (206) 220-6350

1     a.     Defendants' likelihood of obtaining a modification of mortgage loans

2  for consumers that will make their payments substantially more affordable;

3     b.     the amount of time it will take Defendants to accomplish any

4  represented service or result;

5     c.     Defendants are affiliated with, endorsed or approved by, or otherwise

6  associated with the government, or the maker, holder, or servicer of the consumer's

7  dwelling loan;

8     d.     the terms or conditions of any refund, cancellation, exchange, or

9  repurchase policy for a mortgage assistance relief service, including, but not

10  limited to, the likelihood of obtaining a full or partial refund, or the circumstances

11  in which a full or partial refund will be granted, for a mortgage assistance relief

12  service; and

13     e.     that the consumer will receive legal representation.

14                          **COUNT VI**

15                      **(Failure to Disclose)**

16  48.   In numerous instances, in the course of providing, offering to provide, or

17  arranging for others to provide mortgage assistance relief services, Defendants

18  have failed to make the following disclosures:

19     a.     in all general commercial communications:

20          1.     "[Name of company] is not associated with the government,

21            and our service is not approved by the government or your lender," in

22            violation of the MARS Rule, 16 C.F.R. § 322.4(a)(1), and

23            Regulation O, 12 C.F.R. §1015.4(a)(1); and

24          2.     "Even if you accept this offer and use our service, your lender

25            may not agree to change your loan," in violation of MARS Rule,

26            16 C.F.R. § 322.4(a)(2), recodified as Regulation O, 12 C.F.R.

27            § 1015.4(a)(2).

28     b.     in all consumer-specific commercial communications:

COMPLAINT                           15                  Federal Trade Commission
                                                        915 2nd Ave., Ste. 2896
                                                        Seattle, Washington 98174
                                                        (206) 220-6350

1.    "You may stop doing business with us at any time.  You may accept or reject the offer of mortgage assistance from your lender [or servicer].  If you reject the offer, you do not have to pay us, [insert amount or method for calculating the amount] for our services," in violation of the MARS Rule, 16 C.F.R. § 322.4(b) (1), recodified as Regulation O, 12 C.F.R. § 1015.4(b) (1);

2.    "[Name of company] is not associated with the government, and our service is not approved by the government or your lender," in violation of the MARS Rule, 16 C.F.R. § 322.4(b) (2), recodified as Regulation O, 12 C.F.R. 1015.4(b) (2);

3.    "Even if you accept this offer and use our service, your lender may not agree to change your loan," in violation of MARS Rule, 16 C.F.R. § 322.4(b) (3), recodified as Regulation O, 12 C.F.R. § 1015.4(b)(3); and

4.    "If you stop paying your mortgage, you could lose your home and damage your credit," in violation of MARS Rule, 16 C.F.R. § 322.4(c), recodified as Regulation O, 12 C.F.R. § 1015.4 (c).

## CONSUMER INJURY

49.    Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the MARS Rule, and Regulation O.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THE COURT'S POWER TO GRANT RELIEF

50.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  The Court, in

COMPLAINT                                    16                    Federal Trade Commission
                                                                            915 2nd Ave., Ste. 2896
                                                                            Seattle, Washington 98174
                                                                            (206) 220-6350

1  the exercise of its equitable jurisdiction, may award ancillary relief, including
2  rescission or reformation of contracts, restitution, the refund of monies paid, and
3  the disgorgement of ill-gotten monies, to prevent and remedy any violation of any
4  provision of law enforced by the FTC.
5  51.    Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 626 of the
6  Omnibus Act authorize this Court to grant such relief as the Court finds necessary
7  to redress injury to consumers resulting from Defendants' violations of the MARS
8  Rule including the rescission or reformation of contracts and the refund of money.

### PRAYER FOR RELIEF

10  Wherefore, Plaintiff Federal Trade Commission, pursuant to Sections 13(b)
11  and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Omnibus Act, and the
12  Court's own equitable powers, requests that the Court:
13  A.    Award Plaintiff such preliminary injunctive and ancillary relief as
14  may be necessary to avert the likelihood of consumer injury during the pendency
15  of this action, and to preserve the possibility of effective final relief, including, but
16  not limited to, preliminary injunctions;
17  B.    Enter a permanent injunction to prevent future violations of the FTC
18  Act and Regulation O by Defendants;
19  C.    Award such relief as the Court finds necessary to redress injury to
20  consumers resulting from Defendants' violations of the FTC Act and the MARS
21  Rule and Regulation O, including, but not limited to, rescission or reformation of
22  contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten
23  monies; and

COMPLAINT                                      17                          Federal Trade Commission
                                                                        915 2nd Ave., Ste. 2896
                                                                        Seattle, Washington 98174
                                                                             (206) 220-6350

1         D.    Award Plaintiff the costs of bringing this action, as well as such other

2    and additional relief as the Court may determine to be just and proper.

3

4    Dated: *March 23*   , 2015

5

6    Respectfully submitted,
    JONATHAN E. NEUCHTERLEIN

7    General Counsel

8    CHARLES A. HARWOOD
    Regional Director

9

10

11

12   ELEANOR DURHAM

13   MAXINE R. STANSELL

14   Attorneys for Plaintiff
    FEDERAL TRADE COMMISSION

15

16

17

18

19

20

21

22

23

24

25

26

27

28