JONATHAN E. NUECHTERLEIN
General Counsel
CHARLES A. HARWOOD
Regional Director
ELEANOR DURHAM, MD Bar
edurham@ftc.gov
MAXINE R. STANSELL, WA Bar # 9418
mstansell@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-4476 (Durham); (206) 220-4474 (Stansell)
(206) 220-6366 (fax)
BARBARA CHUN, CA Bar # 186907 (Local counsel)
bchun@ftc.gov
10877 Wilshire Blvd., Suite 700, Los Angeles, CA 90024
(310) 824-4312 (Chun); (310) 824-4330 (fax)
ATTORNEYS FOR PLAINTIFF FEDERAL TRADE COMMISSION

JS-6

```
               FILED
        CLERK, U.S. DISTRICT COURT

        August 21, 2015.

     CENTRAL DISTRICT OF CALIFORNIA
     BY:      VPC      DEPUTY
```

REZA SINA
Sina Law Group
107 West Valencia
Burbank, CA 91502
Tel: (310) 957-2057; Fax: (425) 409-0763
reza@sinalawgroup.com
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) No. CV-15-2357 SJO (JEMx) |
| Plaintiff, | ) |
| vs. | ) ORDER FOR PERMANENT |
| | ) INJUNCTION AND FINAL |
| | ) JUDGMENT |
| WEALTH EDUCATORS, INC., *et al.,* | ) |
| Defendants. | ) |

Plaintiff, Federal Trade Commission ("Commission" or "FTC"), filed its

Complaint for Permanent Injunction and Other Equitable Relief on March 31,

2015, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the 2009 Omnibus Appropriations

Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009)

("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and

Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64

(May 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street

Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124

Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538.  The

FTC and Defendants stipulate to the entry of this Order for Permanent Injunction

and Final Judgment ("Order") to resolve all matters in dispute in this action

between them.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts

or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the

Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. § 322,

recodified as Mortgage Assistance Relief Services ("Regulation O"), 12 C.F.R.

§ 1015, in connection with the advertising, marketing, promotion, offering for sale, or sale of mortgage assistance relief services.

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.    Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.    Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A.    **"Assisting others"** includes:

1.    performing customer service functions, including receiving or responding to consumer complaints;

2.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3.    formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet

Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.     providing names of, or assisting in the generation of, potential customers;

5.     performing marketing, billing, or payment services of any kind; or

6.     acting or serving as an owner, officer, director, manager, or principal of any entity.

B.     **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

1.     **"Corporate Defendant"** means Wealth Educators, Inc., also d/b/a Family 1st Preservations, Family 1st Home Loans, Legal Affiliates & Associates, Legal Educators, & Co., Family 1st Home Preservation, Legal Educators USA & Co., Stargate Mutual &Associates, Providence Financial Advocates, and Providence Financial Audits, and its successors, assigns, affiliates, or subsidiaries.

2.     **"Individual Defendant"** means Veronica Sesma, also d/b/a Sesma Consulting.

C.     **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

1.     provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2.      provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

3.      improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

4.      provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

D.      **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

E.      **"Secured or unsecured debt relief product or service"** means:

1.      With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.      stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b.      negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or

obligation, including a reduction in the amount of interest, principal

balance, monthly payments, or fees owed by a person to a secured or

unsecured creditor or debt collector;

c.      obtain any forbearance or modification in the timing of

payments from any secured or unsecured holder or servicer of any

mortgage, loan, debt, or obligation;

d.      negotiate, obtain, or arrange any extension of the period of time

within which a person may (i) cure his or her default on the mortgage,

loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt,

or obligation, (iii) redeem a dwelling or other collateral, or

(iv) exercise any right to reinstate the mortgage, loan, debt, or

obligation or redeem a dwelling or other collateral;

e.      obtain any waiver of an acceleration clause or balloon payment

contained in any promissory note or contract secured by any dwelling

or other collateral; or

f.      negotiate, obtain, or arrange (i) a short sale of a dwelling or

other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other

disposition of a mortgage, loan, debt, or obligation other than a sale to

a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2.      With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.      repay one or more unsecured loans, debts, or obligations; or

b.      combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

## I.

## BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

## II.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether

acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.      the terms or rates that are available for any loan or other extension of credit, including:

1.      closing costs or other fees;

2.      the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3.      the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.      the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5.      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6.      whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.      that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.      the savings associated with the loan or other extension of credit;

C.      the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

D.      that a consumer will receive legal representation; or

E.      any other fact material to consumers concerning any financial product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III.

### PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.     any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.     that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C.     the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D.     the person who will provide any product, service, plan, or program to any consumer;

E.     that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F.     that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement; or

G.     any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

# IV.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of EIGHT HUNDRED EIGHTY-FIVE THOUSAND SIX HUNDRED SEVENTY-SEVEN DOLLARS ($885,677.00) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B.     Defendants are ordered to pay to the Commission all amounts frozen in bank accounts at Wells Fargo Bank, N.A. and JP Morgan Chase.  Such payment must be made within ten (10) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission to the banks.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.     the Financial Statement of Individual Defendant Veronica Sesma signed on May 20, 2015; and

2.    the Financial Statement of Corporate Defendant Wealth Educators, Inc.,  signed by Veronica Sesma on May 20, 2015.

D.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section) represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or money judgment pursuant to this Order, such as a nondischargeablity complaint in any bankruptcy case.

H.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.     Defendants acknowledge that the Taxpayer Identification Numbers and Social Security Numbers, which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

J.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representative may take pursuant to this Subsection.

K.      Upon entry of this Order, the freeze on the assets of Wealth Educators, Inc., pursuant to the Preliminary Injunction entered in this action is lifted.

## V.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from directly or indirectly:

A.      failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Defendants represent that they have provided this redress information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days;

B.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any

Defendant obtained prior to entry of this Order; and

C.      failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

        *Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, Individual Defendant Veronica Sesma, for any business that such she, individually or collectively with any other person or entity, is the majority owner or controls directly or indirectly, and Corporate Defendant Wealth Educators, Inc., must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the advertising,

marketing, promotion, offering for sale, sale, or performance of any financial-related products or services;  and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.  Defendants must:

        1.      identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendants;

        2.      identify all of Defendants' businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

        3.      describe the activities of each business, including the goods and

services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

4.      describe in detail whether and how Defendants are in compliance with each Section of this Order; (e) provide a list of all domain names held or registered by any Defendant; and

5.      provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.      any designated point of contact; or

2.      the structure of Defendant Wealth Educators, Inc., or any entity that Defendants have any ownership interest in or control directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; and

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under

penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  FTC v. Wealth Educators, Inc., *et al.,* X150031.

# VIII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Corporate Defendant and Individual Defendant for any business that such Defendant, individually or collectively, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as

an employee or otherwise, that person's:  name; addresses; telephone numbers; job

title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received

directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of

this Order, including all submissions to the Commission; and

E.     a copy of each unique advertisement or other marketing material.

## IX.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring

Defendants' compliance with this Order, including the financial attestations upon

which part of the judgment was suspended and any failure to transfer any assets as

required by this Order:

A.     Within fourteen (14) days of receipt of a written request from a

representative of the Commission, each Defendant must: submit additional

compliance reports or other requested information, which must be sworn under

penalty of perjury; appear for depositions; and produce documents for inspection

and copying.  The Commission is also authorized to obtain discovery, without

further leave of court, using any of the procedures prescribed by Federal Rules of

Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and

69.

B.     For matters concerning this Order, the Commission is authorized to

communicate directly with each Defendant.  Defendants must permit

representatives of the Commission to interview any employee or other person

affiliated with any Defendant who has agreed to such an interview.  The person

interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through

its representatives as consumers, suppliers, or other individuals or entities, to

Defendants or any individual or entity affiliated with Defendants, without the

necessity of identification or prior notice.  Nothing in this Order limits the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.

## ENTRY OF JUDGMENT

**IT IS FURTHER ORDERED** that there is no just reason for delay of entry

of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b). the

Clerk immediately shall enter this Order as a final judgment as to Defendants.

## XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this

matter for purposes of construction, modification, and enforcement of this Order.

     **IT IS SO ORDERED**.

DATED:  August 21, 2015

_____
Hon. S. James Otero
UNITED STATES DISTRICT COURT